UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

LEIGHTON PHILLIPS,

                                   Plaintiff,

                    -against-

CITY OF NEW YORK; Police Officer DOLOMY
CAIN, Shield No. 12341; and JOHN and JANE
DOE 1 through 10, individually and in their official
capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                   Defendants.

------------------------------------------------------------- x

**CV 12 - 2821**

**GARAUFIS, J.**

**COMPLAINT**

Jury Trial Demanded

**SUMMONS ISSUED**

**POHORELSKY, M.J.**

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343

and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.      This Court has supplemental jurisdiction over the New York State

claims pursuant to 28 U.S.C. § 1367.

1

## JURY DEMAND

6.    Plaintiff demands a trial by jury in this action.

## PARTIES

7.    Plaintiff Leighton Phillips ("plaintiff" or "Mr. Phillips") is a resident of Kings County in the City and State of New York.

8.    Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.    Defendant Police Officer Dolomy Cain, Shield No. 12341 ("Cain"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Cain is sued in his individual and official capacities.

10.    At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11.    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

2

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12.    At all times relevant herein, all individual defendants were acting under color of state law.

### STATEMENT OF FACTS

13.    At approximately 11:30 p.m. on May 28, 2011, plaintiff was lawfully walking in the vicinity of Livonia and Stone Streets in Brooklyn, NY.

14.    Plaintiff was walking home from a baby shower with several family members when three of the defendant officers approached them.

15.    The officers began hassling plaintiff's wife's cousin, who was 16 or 17 years old at the time.

16.    Plaintiff informed the officers that his wife's cousin was with him and that they were lawfully on their way home from a baby shower.

17.    The officers shoved plaintiff against a concrete protrusion several times and immediately placed him in handcuffs.

18.    The officers arrested plaintiff in the absence of cause, probable or otherwise, and took him to the PSA 2 police precinct.

19.    At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit offenses inclduing Disorderly Conduct and Obstruction of Governmental Administration.

20.     At no point did the officers observe plaintiff commit any crime or violation.

21.     Plaintiff was held at the precinct for approximately 12 hours.

22.     Plaintiff was taken to Brooklyn Central Booking, where he was held for approximately 8 hours.

23.     At arraignment the criminal charges against plaintiff were adjourned in contemplation of dismissal.

24.     After spending approximately 20 hours in custody, plaintiff was released.

25.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was duly served upon defendants.

26.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

27.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

28.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

4

## FIRST CLAIM
**Unlawful Stop and Search**

29.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

31.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
**False Arrest**

32.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

34.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
**State Law False Imprisonment and False Arrest**

35.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

37. Plaintiff was conscious of his confinement.

38. Plaintiff did not consent to his confinement.

39. Plaintiff's confinement was not otherwise privileged.

40. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

41. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

47. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

48. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Failure to Intervene

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

7

51.    Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

52.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:    June 5, 2012
          New York, New York

                        HARVIS MARINELLI
                        SALEEM & WRIGHT LLP


                        _____
                        Robert Marinelli
                        305 Broadway, 14th Floor
                        New York, New York 10007
                        (212) 323-6880
                        rmarinelli@hmswlaw.com

                        *Attorney for plaintiff*

8